Brady *v.* Little Miami Rail Road Company.

---

## Brady *vs.* The Little Miami Rail Road Company.

The neglect to present a draft payable on demand, for four days, during which time the drawee fails, will discharge the drawer.

Where a person residing in New York, and acting as the authorized agent of another, requested a friend at Cincinnati to collect from a corporation there the amount of a dividend due to his principal, upon stock, and to transmit to him a draft for the amount ; *Held* that if the agent left New York while expecting the draft, it was his duty to leave authority, with some one, to present the draft, when received.

And that for the negligence of the agent in not presenting such draft for payment within the proper time, the principal was responsible.

THIS was an action upon a draft drawn by the defendant, at Cincinnati, upon the Ohio Life Insurance and Trust Company, New York, for $250, payable to Henry A. Hurlbut or order, and dated August 17, 1857. The draft was given in payment of a dividend upon stock in the defendant's company, owned by William V. Brady. Brady being absent in Europe, sent a written authority to Hurlbut to receive the dividend. The latter employed one Reeves, at Cincinnati, to collect the dividend and forward the money to him, at New York. Reeves accordingly procured the draft in question

from the defendant and enclosed the same to Hurlbut, at New York, in a letter dated Cincinnati, August 17. The check reached New York and was duly delivered at the place of business of said Hurlbut, in New York, on the morning of the 20th day of August, 1857, to some person in charge thereof. Hurlbut was on said 17th day of August, 1857, and ever since has been, one of the firm of Swift, Hurlbut & Co. of the city of New York, who were then doing business at No. 207 Pearl street. On said 20th day of August, and up to the 25th thereof, the said Hurlbut was absent from the city of New York, and the letter enclosing said draft remained unopened on Hurlbut's private desk till said 25th day of August. The check was not presented for payment to the drawee thereof, to wit, The Ohio Life Insurance and Trust Company in New York, at their place of business in the city of New York, till the 25th day of August, 1857, upon the return of said Hurlbut to the city. All checks, drafts, bills of exchange, &c., drawn on the said Ohio Life Insurance and Trust Company, and presented on or before one o'clock on the 24th day of August, 1857, were duly paid at presentment, and the check on which this action is brought would also have been paid by the said company, had the same been presented for payment at any time on or before one o'clock on the 24th day of August, 1857, when the company stopped payment. The defendant had at the time of the drawing of said check, and also at the time of the failure of said Ohio Life Insurance and Trust Company, ample funds to pay said check to its credit in the hands of said Trust Company in the city of New York.

The defendant, by its answer, insisted that the draft was not presented for payment to the drawees thereof within a reasonable time after its delivery to the plaintiff's agent, nor until after the drawees had stopped payment and become insolvent; that the plaintiff or his agent or agents were guilty of gross laches in not presenting said draft to the drawees for payment, and that by reason of such laches said draft was

Brady *v.* Little Miami Rail Road Company.

not paid. That the said Ohio Life Insurance and Trust Company, at the time of the drawing of said draft and ever since, has been largely indebted to the defendant, and that had said draft been presented to said company at New York for payment within a reasonable time after its delivery to the agent of the plaintiff, as above set forth, it would have been paid. That the defendant had been damaged to the amount of $250 and upwards by the laches and negligence of the plaintiff, his agent or agents, in not duly presenting said draft for payment. And the defendant would insist upon the trial, that by reason of such negligence and laches of the plaintiff, his agent or agents, the defendant, was discharged of and from all liability upon said draft

The referee to whom the action was referred was of the opinion that the plaintiff had, through the neglect of his agent, failed to collect from the Ohio Life and Trust Company the funds which the defendant had placed there to meet the draft, and that the defendant should not be compelled to pay the amount a second time. He therefore reported in favor of the defendant, for the costs of suit. And a judgment being entered accordingly, the plaintiff appealed.

*Wm. H. Scott*, for the appellant.

*F. A. Lane* and *F. F. Marbury*, for the respondent.

*By the Court*, INGRAHAM, J. The principal was responsible for any negligence of the agent in the ordinary discharge of his agency.

The agent having authorized and requested Mr. Reeves to collect from the company, and transmit a draft for the dividend, which was done by Reeves in a check from the defendant on the Ohio Life Insurance and Trust Company, was bound, if he left the city, to leave authority with some one to present the check, when received.

The neglect to present a draft payable on demand, for four days, during which time the drawee failed, discharged the drawer, and the finding of the referee cannot be disturbed.

The judgment is affirmed, with costs.

[New York General Term, May 6, 1861. *Clerke, Gould* and *Ingraham,* Justices.]